# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM DAWES, Booking #19760125, <br><br> Plaintiff, <br><br> vs. <br><br> THE PEOPLE OF THE STATE OF CALIFORNIA, et al. <br><br> Defendants. | Case No. 3:19-cv-02122-MMA-WVG <br><br> **ORDER SCREENING FIRST AMENDED COMPLAINT PURSUANT TO 28 U.S.C. § 1915(e)(2)(B) AND 28 U.S.C. § 1915A(b)** |

On November 4, 2019, Plaintiff William Dawes, currently incarcerated at the San Diego County Sheriff Department's Central Jail ("SDCJ") in San Diego, California, and proceeding pro se, filed a civil rights Complaint pursuant to 42 U.S.C. § 1983. *See* Compl., Doc. No. 1. Plaintiff did not pay the fee required by 28 U.S.C. § 1914(a) when he filed his Complaint; instead he filed a Motion to Proceed In Forma Pauperis ("IFP") pursuant to 28 U.S.C. § 1915(a). *See* Doc. No. 2. On December 20, 2019, the Court granted Plaintiff's Motion to Proceed IFP but simultaneously dismissed his Complaint for failing to state a claim upon which relief may be granted. *See* Doc. No. 9. Plaintiff was granted leave to file an amended pleading to correct the deficiencies of pleading identified in the Court's Order. *See id.* at 13-14. After requesting, and receiving, an

extension of time to file an amended pleading, Plaintiff filed his First Amended Complaint ("FAC") on February 4, 2020. *See* Doc. No. 13.

## II.  Screening pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A

### A.  Standard of Review

As the Court previously informed Plaintiff, because Plaintiff is a prisoner and is proceeding IFP, his FAC requires a pre-answer screening pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b). Under these statutes, the Court must review and sua sponte dismiss an IFP complaint, and any complaint filed by a prisoner seeking redress from a governmental entity, or officer or employee of a governmental entity, which is frivolous, malicious, fails to state a claim, or seeks damages from defendants who are immune. *See Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (discussing 28 U.S.C. § 1915(e)(2)); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010) (discussing 28 U.S.C. § 1915A(b)). "The purpose of [screening] is 'to ensure that the targets of frivolous or malicious suits need not bear the expense of responding.'" *Nordstrom v. Ryan*, 762 F.3d 903, 920 n.1 (9th Cir. 2014) (quoting *Wheeler v. Wexford Health Sources, Inc.,* 689 F.3d 680, 681 (7th Cir. 2012)).

All complaints must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* The "mere possibility of misconduct" falls short of meeting this plausibility standard. *Id.*; *see also Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009).

"The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668

F.3d 1108, 1112 (9th Cir. 2012); *see also Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012) (noting that screening pursuant to § 1915A "incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)"). Rule 12(b)(6) requires a complaint "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (internal quotation marks omitted); *Wilhelm*, 680 F.3d at 1121.

"When there are well-pleaded factual allegations, a court should assume their veracity, and then determine whether they plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 679; *see also Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000) ("[W]hen determining whether a complaint states a claim, a court must accept as true all allegations of material fact and must construe those facts in the light most favorable to the plaintiff."). However, while the court "ha[s] an obligation where the petitioner is pro se, particularly in civil rights cases, to construe the pleadings liberally and to afford the petitioner the benefit of any doubt," *Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (citing *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985)), it may not "supply essential elements of claims that were not initially pled." *Ivey v. Board of Regents of the University of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

Finally, the "[c]ourt[] must consider the complaint in its entirety," including "documents incorporated into the complaint by reference" to be part of the pleading when determining whether the plaintiff has stated a claim upon which relief may be granted. *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007); Fed. R. Civ. P. 10(c) ("A copy of a written instrument that is an exhibit to a pleading for all purposes."); *Schneider v. California Dept. of Corrections*, 151 F.3d 1194, 1197 n.1 (9th Cir. 1998).

B. <u>Plaintiff's Allegations and Rule 8</u>

Once again, the Court finds that Plaintiff generally fails to comply with Rule 8 of the Federal Rules of Civil Procedure. Rule 8 provides that in order to state a claim for relief in a pleading, it must contain "a short and plain statement of the grounds for the court's jurisdiction" and "a short and plain statement of the claim showing that the

pleader is entitled to relief." Fed. R. Civ. P. 8(a)(1) & (2); *see McHenry v. Renne*, 84 F.3d 1172, 1178–80 (9th Cir. 1996) (upholding Rule 8(a) dismissal of complaint that was "argumentative, prolix, replete with redundancy, and largely irrelevant"); *Cafasso, United States ex rel. v. General Dynamics C4 Systems, Inc.*, 637 F.3d 1047, 1059 (9th Cir. 2011) (citing cases upholding Rule 8 dismissals where pleadings were "verbose," "confusing," "distracting, ambiguous, and unintelligible," "highly repetitious," and comprised of "incomprehensible rambling," while noting that "[o]ur district courts are busy enough without having to penetrate a tome approaching the magnitude of *War and Peace* to discern a plaintiff's claims and allegations."). With respect to many of his claims, Plaintiff has not complied with these requirements, as his factual allegations are vague and often disjointed.

      C.     <u>42 U.S.C. § 1983</u>

"Section 1983 creates a private right of action against individuals who, acting under color of state law, violate federal constitutional or statutory rights." *Devereaux v. Abbey*, 263 F.3d 1070, 1074 (9th Cir. 2001). Section 1983 "is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred." *Graham v. Connor*, 490 U.S. 386, 393-94 (1989) (internal quotation marks and citations omitted). "To establish § 1983 liability, a plaintiff must show both (1) deprivation of a right secured by the Constitution and laws of the United States, and (2) that the deprivation was committed by a person acting under color of state law." *Tsao v. Desert Palace, Inc.*, 698 F.3d 1128, 1138 (9th Cir. 2012).

      D.     <u>Public Defender</u>

Once again, Plaintiff names attorneys who have been appointed to represent him, *see* FAC at 1-3, he fails to state a claim upon which § 1983 relief can be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii); 28 U.S.C. § 1915A(b)(1). Plaintiff alleges that these Defendants "allowed Plaintiff to be convicted without a trial and without evidence." FAC at 6. "[A] public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding." *Polk*

*County v. Dodson*, 454 U.S. 312, 325 (1981); *Miranda v. Clark County, Nevada*, 319 F.3d 465, 468 (9th Cir. 2003) ("[The public defender] was, no doubt, paid by government funds and hired by a government agency. Nevertheless, [her] function was to represent [her] client, not the interests of the state or county."); *Garnier v. Clarke*, 332 Fed. App'x 416 (9th Cir. 2009) (affirming district court's sua sponte dismissal of prisoner's § 1983 claims against appointed counsel).

Thus, all claims against Defendants DeDrick, Kern, Roustan, Grossman, Manqarin and Jayakumar are dismissed without leave to amend. Plaintiff fails to state a plausible claim against any of these defendants.

### E. *Heck* Bar

There are two methods for state prisoners to raise complaints related to their imprisonment in federal court. *See Muhammad v. Close*, 540 U.S. 749, 750 (2004) ("Federal law opens two main avenues to relief on complaints related to imprisonment....") (citing *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973)). In general, claims of constitutional violations related to the "circumstances" of a prisoner's confinement must be brought in a civil rights action under Section 1983, *see id.*, while constitutional challenges to the validity or duration of a prisoner's confinement must be raised in a petition for federal habeas corpus under 28 U.S.C. § 2254, or through appropriate state relief. *Wilkinson v. Dotson*, 544 U.S. 74, 78-79 (2005) (citations and internal quotation marks omitted); *Nettles v. Grounds*, 830 F.3d 922, 927 (9th Cir. 2016) (en banc) ("The Court has long held that habeas is the exclusive vehicle for claims brought by state prisoners that fall within the core of habeas, and such claims may not be brought in a § 1983 action.") (citing *Dotson*, 544 U.S. at 81-82).

Thus, to the extent Plaintiff seeks damages based on claims that he has been unlawfully convicted, sentenced, and/or incarcerated due to his public defenders' failing to "establish a defense," violating his "rights to a speedy trial," and "working as a

prosecutor,"[1] *see* FAC at 1-2; 7-8, he may not pursue those claims in a civil rights action pursuant to 42 U.S.C. § 1983, without first showing his conviction has already been invalidated. *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994).

In *Heck,* the Supreme Court held:

> in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983.

*Id*. at 486-87; *Washington v. Los Angeles County Sheriff's Dep't*, 833 F.3d 1048, 1054-55 (9th Cir. 2016). "Suits challenging the validity of the prisoner's continued incarceration lie within 'the heart of habeas corpus,' whereas 'a § 1983 action is a proper remedy for a state prisoner who is making a constitutional challenge to the conditions of his prison life, *but not to the fact or length of his custody*.'" *Ramirez v. Galaza*, 334 F.3d 850, 856 (9th Cir. 2003) (emphasis added), *quoting Preiser*, 411 U.S. at 498-99 (holding that a writ of habeas corpus is "explicitly and historically designed" to provide a state prisoner with the "exclusive" means to "attack the validity of his confinement" in federal court).

Because Plaintiff seeks damages based on alleged violations of his constitutional rights during his criminal and appellate proceedings, he may not proceed pursuant to § 1983, unless he alleges and can show that conviction has already been invalidated. *Heck*, 512 U.S. at 486-87; *Ramirez*, 334 F.3d at 855-56 ("Absent such a showing, '[e]ven a prisoner who has fully exhausted available state remedies has no cause of action under

---

[1] Plaintiff also seeks to have "all my liberties restored due to theft of liberty under 13th Amendment." FAC at 14.

§ 1983.'"), *quoting Heck*, 512 U.S. at 489. This is because an award of damages in his favor would necessarily imply the invalidity of his conviction and consequently affect the duration of his confinement. *See Heck,* 512 U.S. at 487; *see also Pattillo v. Lombardo,* No. 2:17-CV-01849-JAD-VCF, 2017 WL 3622778, at *4 (D. Nev. Aug. 23, 2017) ("When a prisoner challenges the legality or duration of his custody, raises a constitutional challenge which could entitle him to an earlier release … or seeks damages for purported deficiencies in his state court criminal case, which effected a conviction or lengthier sentence, his sole federal remedy is the writ of habeas corpus."); *Toney v. Ruiz*, No. 3:10-CV-00405 BTM (PCL), 2010 WL 2383787, at *2 (S.D. Cal. June 9, 2010) (noting that "ineffective assistance of counsel claims 'necessarily imply the invalidity' of criminal proceedings.") (citing *Heck*, 512 U.S. at 487; *Strickland v. Washington*, 466 U.S. 668, 688 (1984) (to succeed on ineffective assistance claim petitioner must show that counsel's performance fell below objective standard of reasonableness and that but for counsel's errors the result of the trial would have been different)).

Because Plaintiff does *not* allege to have already invalidated his conviction by way of direct appeal, executive order, or through the issuance of either a state or federal court writ of habeas corpus, *Heck*, 512 U.S. at 487, his claims must be dismissed for failing to state a claim upon which § 1983 relief can be granted pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b). These claims are dismissed without leave to amend but without prejudice to pursue these claims by way of direct appeal, executive order, or through the issuance of either a state or federal court writ of habeas corpus.

F.   Respondeat Superior

Plaintiff seeks to hold Gavin Newsome, Governor of California, liable because he is "responsible to seeing to the U.S. Constitution and its citizens being protected by the Constitution and state rules and regulations and laws that govern this state." FAC at 6. Plaintiff fails to state a plausible claim for relief under § 1983 because he fails to include "further factual enhancement" which describes how or when Governor Newsome was actually aware of any serious risk of harm to Plaintiff. *Iqbal*, 556 U.S. at 678 (citing

*Twombly*, 550 U.S. at 557).

There is no respondeat superior liability under 42 U.S.C. § 1983. *Palmer v. Sanderson*, 9 F.3d 1433, 1437-38 (9th Cir. 1993). "Because vicarious liability is inapplicable to ... § 1983 suits, [Plaintiff] must plead that each government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 at 676; *see also Jones v. Community Redevelopment Agency of City of Los Angeles*, 733 F.2d 646, 649 (9th Cir. 1984) (even pro se plaintiff must "allege with at least me degree of particularity overt acts which defendants engaged in" in order to state a claim).

As currently pleaded, Plaintiff's FAC offers no factual detail from which the Court might reasonably infer a plausible claim for relief based on a violation of any constitutional right on the part of Governor Newsome. Rule "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation," and in order "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Iqbal*, 662 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555, 570). And a supervisory official may only be held liable under § 1983 if Plaintiff alleges his "personal involvement in the constitutional deprivation, or … a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation." *Keates v. Koile*, 883 F.3d 1228, 1242-43 (9th Cir. 2018); *Starr v. Baca,* 652 F.3d 1202, 1207 (9th Cir. 2011).

Plaintiff makes no such allegations in his FAC. Therefore, the Court sua sponte dismisses Plaintiff's claims against Governor Newsome without leave to amend based on Plaintiff's failure to state a plausible individual liability claim against him. *See* 28 U.S.C. § 1915(e)(2)(B)(ii) and § 1915A(b)(1); *Lopez*, 203 F.3d at 1126-27; *Rhodes*, 621 F.3d at 1004.

G. <u>San Diego Sheriff's Department</u>

To the extent that Plaintiff names the "San Diego Sheriff's Department," ("SDSD") as a Defendant, he fails to state a claim upon which § 1983 relief may be

granted. Departments of municipal entities are not "persons" subject to suit under § 1983; therefore, a local law enforcement agency, like the SDSD, are not proper parties. *See Vance v. County of Santa Clara*, 928 F. Supp. 993, 996 (N.D. Cal. 1996) ("Naming a municipal department as a defendant is not an appropriate means of pleading a § 1983 action against a municipality.") (citation omitted); *Powell v. Cook County Jail*, 814 F. Supp. 757, 758 (N.D. Ill. 1993) ("Section 1983 imposes liability on any 'person' who violates someone's constitutional rights 'under color of law.' Cook County Jail is not a 'person.'").

"Persons" under § 1983 are state and local officials sued in their individual capacities, private individuals and entities which act under color of state law, and/or the local governmental entity itself. *Vance*, 928 F. Supp. at 995-96. The SDSD is a law enforcement agency or department of the County of San Diego, but it is not a "person" subject to suit under § 1983. *See e.g., United States v. Kama*, 394 F.3d 1236, 1239 (9th Cir. 2005) ("[M]unicipal police departments and bureaus are generally not considered 'persons' within the meaning of section 1983."); *Rodriguez v. Cnty. of Contra Costa*, 2013 WL 5946112 at *3 (N.D. Cal. Nov. 5, 2013) (citing *Hervey v. Estes*, 65 F.3d 784, 791 (9th Cir. 1995)) ("Although municipalities, such as cities and counties, are amenable to suit under *Monell [v. Dep't of Social Servs,* 436 U.S. 658 (1978)], sub-departments or bureaus of municipalities, such as the police departments, are not generally considered "persons" within the meaning of § 1983."); *Nelson v. Cty. of Sacramento*, 926 F. Supp. 2d 1159, 1170 (E.D. Cal. 2013) (dismissing Sacramento Sheriff's Department from section 1983 action "with prejudice" because it "is a subdivision of a local government entity," *i.e.*, Sacramento County); *Gonzales v. City of Clovis*, 2013 WL 394522 (E.D. Cal. Jan. 30, 2013) (holding that the Clovis Police Department is not a "person" for purposes of section 1983); *Wade v. Fresno Police Dep't*, 2010 WL 2353525 at *4 (E.D. Cal. June 9, 2010) (finding the Fresno Police Department to not be a "person" under section 1983). Therefore, Plaintiff cannot pursue any § 1983 civil rights claims against the "San Diego Sheriff's Department." *See Boone v. Deutsche Bank Nat'l Tr. Co.*, No. 2:16-CV-1293-

GEB-KJN-PS, 2017 WL 117966, at *3 (E.D. Cal. Jan. 12, 2017) ("Because the Solano County Sheriff's Department is not a 'person' within the meaning of Section 1983, plaintiffs cannot maintain their claims against it under that statute as a matter of law.").

To the extent Plaintiff also asserts a claim against the County of San Diego itself, his allegations are also insufficient. A municipal entity may be held liable under § 1983 only if he alleges facts sufficient to plausibly show that he was deprived of a constitutional right by individually identified employees who acted pursuant to the municipality's policy or custom. *Mt. Healthy City Sch. Dist. Bd. of Ed. v. Doyle*, 429 U.S. 274, 280 (1977); *Monell*, 436 U.S. at 691; *Villegas v. Gilroy Garlic Festival Ass'n*, 541 F.3d 950, 964 (9th Cir. 2008). The County of San Diego may not be held vicariously liable under § 1983 simply because one of its employees is alleged to have acted wrongfully. *See Board of Cty. Comm'rs. v. Brown*, 520 U.S. 397, 403 (1997); *Monell*, 436 U.S. at 691 ("[A] a municipality cannot be held liable solely because it employs a tortfeasor."); *Jackson v. Barnes*, 749 F.3d 755, 762 (9th Cir. 2014). Instead, the municipality may be held liable "when execution of a government's policy or custom ... inflicts [a constitutional] injury." *Monell*, 436 U.S. at 694; *Los Angeles Cty., Cal. v. Humphries*, 562 U.S. 29, 36 (2010). Accordingly, the Court sua sponte dismisses Defendant San Diego Sheriff's Department. *See* 28 U.S.C. § 1915(e)(2)(B)(ii) and § 1915A(b)(1).

H. *Rooker-Feldman*

It is not entirely clear, but it appears that Plaintiff seeks relief from this Court for rulings made in a state proceeding by Defendant Martinez. *See* FAC at 9. However, this is not a viable form of relief in this action. The *Rooker-Feldman* doctrine provides that "'a losing party in state court is barred from seeking what in substance would be appellate review of the state judgment in a United States District Court, based on the losing party's claim that the state judgment itself violates the loser's federal rights.'" *Doe v. Mann*, 415 F.3d 1038, 1041 (9th Cir. 2005) (quoting *Johnson v. De Grandy*, 512 U.S. 997, 1005-06 (1994)); *see District of Columbia Court of Appeals v. Feldman*, 460

U.S. 462, 476 & 486 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 416 (1923).

Review of state court decisions may only be conducted in the United States Supreme Court. *Feldman*, 460 U.S. at 476 & 486; *Rooker*, 263 U.S. at 416; *see* 28 U.S.C. § 1257. The *Rooker-Feldman* jurisdictional bar applies even if the complaint raises federal constitutional issues. *Feldman*, 460 U.S. at 483 n.16 & 486; *Henrichs v. Valley View Development*, 474 F.3d 609, 613 (9th Cir. 2007). More specifically, the bar applies if the challenge to the state court decision is brought as a § 1983 civil rights action. *See Branson v. Nott*, 62 F.3d 287, 291 (9th Cir. 1995); *Worldwide Church of God v. McNair*, 805 F.2d 888, 893 n.4 (9th Cir. 1986). A complaint challenges a state court decision if the constitutional claims presented to the district court are "inextricably intertwined" with the state court's decision in a judicial proceeding. *Feldman*, 460 U.S. at 483 n.16. "[T]he federal claim is inextricably intertwined with the state court judgment if the federal claim succeeds only to the extent that the state court wrongly decided the issues before it." *Pennzoil Co. v. Texaco Inc.*, 481 U.S. 1, 25 (1987) (Marshall, J., concurring); *see also Worldwide Church of God*, 805 F.2d at 891-92.

Because Plaintiff appears to seek this Court's assistance in overturning orders made by state court judges, his claims are inextricably intertwined with the state court proceedings and are barred by the *Rooker-Feldman* doctrine.

I.   <u>Due Process claims</u>

Plaintiff also alleges that the Warden for the Richard J. Donovan Correctional Facility ("RJD"), Daniel Paramo, held a "kangaroo court to convict [Plaintiff] of alleged crimes." FAC at 9. Plaintiff further claims Defendant Garza "violated his due process rights by "falsifying" reports. *Id.* However, to the extent Plaintiff challenges the validity of disciplinary proceedings, he fails to state a claim upon which § 1983 relief can be granted. *See* 28 U.S.C. §§ 1915(e)(2), 1915A(b).

The Due Process Clause protects prisoners against deprivation or restraint of "a protected liberty interest" and "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir.

2003) (quoting *Sandin v. Conner*, 515 U.S. 472, 484 (1995)) (internal quotation marks omitted). Although the level of the hardship must be determined in a case-by-case determination, courts look to:

> 1) whether the challenged condition 'mirrored those conditions imposed upon inmates in administrative segregation and protective custody,' and thus comported with the prison's discretionary authority; 2) the duration of the condition, and the degree of restraint imposed; and 3) whether the state's action will invariably affect the duration of the prisoner's sentence.

*Ramirez,* 334 F.3d at 861 (quoting *Sandin*, 515 U.S. at 486-87). Only if an inmate has alleged facts sufficient to show a protected liberty interest does the court next consider "whether the procedures used to deprive that liberty satisfied Due Process." *Ramirez,* 334 F.3d at 860.

As currently pleaded, Plaintiff's FAC fails to allege facts which show that the disciplinary punishment he faced subjected him to any "atypical and significant hardship in relation to the ordinary incidents of prison life." *Id.*; *Sandin*, 515 U.S. at 484. The Court finds Plaintiff's pleading contains no "factual content that allows the court to draw the reasonable inference," *Iqbal*, 556 U.S. at 678, that Defendants' actions "presented a dramatic departure from the basic conditions of [Plaintiff's] indeterminate sentence," or caused him to suffer an "atypical" or "significant hardship." *Sandin*, 515 U.S. at 584-85; *see also Keenan v. Hall*, 83 F.3d 1083, 1088-89 (9th Cir. 1996), *amended by* 135 F.3d 1318 (9th Cir. 1998). Accordingly, Plaintiff's Fourteenth Amendment due process claims arising from disciplinary hearings are subject to dismissal with leave to amend.

J. <u>Medical Care claims</u>

Plaintiff also claims that Defendants Fowler, Barenchi, Manning, Kapadia, and Malrick committed "psychiatric malpractice" when they "forced medication for a mental illness [Plaintiff] does not have." FAC at 10. The Supreme Court has held that inmates have a liberty interest in freedom from involuntarily administration of antipsychotic or psychotropic medication. *See Washington v. Harper*, 494 U.S. 210, 220-21, 236 (1990); *Chappell v. Mandeville*, 706 F.3d 1052, 1063 (9th Cir. 2013) ("Only the most extreme

changes in the conditions of confinement have been found to directly invoke the protections of the Due Process Clause [of the Fourteenth Amendment], such as … the forced administration of psychotropic drugs[.]").

"The extent of a prisoner's right under the [Due Process] Clause to avoid the unwanted administration of antipsychotic drugs must be defined in the context of the inmate's confinement." *Harper*, 494 U.S. at 222. "[G]iven the requirements of the prison environment, the Due Process Clause permits the State to treat a prison inmate who has a serious mental illness with antipsychotic drugs against his will, if the inmate is dangerous to himself or others and the treatment is in the inmate's medical interests." *Id.* at 227.

While the Supreme Court has not determined the minimum procedural safeguards necessary when administering involuntary medication, it did find that procedures are adequate when an inmate is provided with "notice, the right to be present at an adversary hearing, and the right to present and cross-examine witnesses." *Id.* at 235 (citing *Vitek v. Jones*, 445 U.S. 480, 494-96 (1980)). Here, Plaintiff's factual allegations are too scattered and inconsistent for the Court to determine the nature of Plaintiff's claims with regarding the allegations of the administration of involuntary medication. It is not clear where or when many of the events giving right to Plaintiff's claims occurred. Accordingly, Plaintiff's Fourteenth Amendment claims relating to his allegations of involuntary administration of antipsychotic medications must be dismissed.

K. Property claims

Plaintiff also claims that on January 26, 2016, he was "removed from A yard" to "B yard Ad-Seg for threats on inmate." FAC at 13. When Plaintiff returned to his cell on March 4, 2016, he was told that correctional officers had given his personal property to another inmates. *See id.* Plaintiff began "demanding his property from officers" but they told him "no paperwork, no proof" and would not return his property. *See id.*

The Due Process Clause protects against deprivations of property without due process of law. *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974). The United States

Supreme Court has also held, however, that "an unauthorized intentional deprivation of property by a state employee does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful post-deprivation remedy for the loss is available." *Hudson v. Palmer*, 468 U.S. 517, 533 (1984). California's tort claim process provides an adequate post-deprivation remedy. *Barnett v. Centoni*, 31 F.3d 813, 816-17 (9th Cir. 1994) (per curiam) ("[A] negligent or intentional deprivation of a prisoner's property fails to state a claim under section 1983 if the state has an adequate post deprivation remedy."); *see also Teahan v. Wilhelm,* 481 F. Supp. 2d 1115, 1120 (S.D. Cal. 2007). Accordingly, the Court dismisses Plaintiff's property claims without leave to amend pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b).

### L. Eighth Amendment claims

As to Defendants Bravo, Gene, Ugalde, Ausbury, Silva, Shellano, Ayala, Solis, and Zuniga, however, the Court finds Plaintiff's FAC contains Eighth Amendment excessive force and failure to protect claims sufficient to survive the "low threshold" for proceeding past the sua sponte screening required by 28 U.S.C. §§ 1915(e)(2) and 1915A(b). *See Hudson v. McMillian*, 503 U.S. 1, 5 (1992) (unnecessary and wanton infliction of pain violates the Cruel and Unusual Punishments Clause of the Eighth Amendment); *Wilkins v. Gaddy*, 559 U.S. 34, 37 (2010) (*per curiam*) (for claims arising out of the use of excessive physical force, the issue is "whether force was applied in a good faith effort to maintain or restore, or maliciously and sadistically to cause harm") (citing *Hudson*, 503 U.S. at 7) (internal quotation marks omitted); *Wilhelm,* 680 F.3d at 1123; *see also Labatad v. Corrections Corp. of America*, 714 F.3d 1155, 1160 (9th Cir. 2013) (prison officials have a duty under the Eighth Amendment "to take reasonable measures to guarantee the safety of inmates, which has been interpreted to include a duty to protect prisoners") (citing *Farmer v. Brennan*, 511 U.S. 825, 832-33 (1994)); *Robins v. Meecham*, 60 F.3d 1436, 1442 (9th Cir. 1995) (an officer's failure to intervene and protect can violate a prisoner's Eighth Amendment rights).

### M. Leave to Amend

Because the Court has determined that some of Plaintiff's claims survive the sua sponte screening process, the Court will give Plaintiff the opportunity to either: (1) notify the Court of the intent to proceed with his Eighth Amendment claims against Bravo, Gene, Ugalde, Ausbury, Silva, Shellano, Ayala, Solis, and Zuniga; or (2) file an amended pleading correcting all the deficiencies of pleading identified by the Court in this Order.

Plaintiff must choose one of these options within forty-five (45) days from the date this Order is filed. If Plaintiff chooses to proceed as to his claims against Bravo, Gene, Ugalde, Ausbury, Silva, Shellano, Ayala, Solis, and Zuniga only, the Court will issue an Order directing the U.S. Marshal to effect service of his FAC on Defendants Bravo, Gene, Ugalde, Ausbury, Silva, Shellano, Ayala, Solis, and Zuniga and dismiss the remaining claims and defendants.

If Plaintiff chooses to file an amended pleading, he may not re-allege claims that the Court has dismissed without leave to amend. In addition, Plaintiff may not add any new defendants or claims in his amended pleading.

### III. Conclusion and Orders

For the reasons explained, the Court:

1. The Court **DISMISSES** all claims against all Defendants, with the exception of Plaintiff's Eighth Amendment claims against Defendants Bravo, Gene, Ugalde, Ausbury, Silva, Shellano, Ayala, Solis, and Zuniga, for failing to comply with Rule 8 and for failing to state a claim pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b).

2. The Court **GRANTS** Plaintiff forty-five (45) days leave from the date of this Order in which to either: (1) Notify the Court of the intention to proceed with the Eighth Amendment claims against Bravo, Gene, Ugalde, Ausbury, Silva, Shellano, Ayala, Solis, and Zuniga only; or (2) File an Amended Complaint which cures all the deficiencies of pleading noted. Plaintiff's Amended Complaint must be complete in itself without reference to his original pleading. Defendants not named and any claims not re-alleged

1 | in the Amended Complaint will be considered waived.  See S.D. CAL. CIVLR 15.1; *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) ("[A]n amended pleading supersedes the original."); *Lacey*, 693 F.3d at 928 (noting that claims dismissed with leave to amend which are not re-alleged in an amended pleading may be "considered waived if not repled.").

**IT IS SO ORDERED**.

DATED: April 10, 2020

HON. MICHAEL M. ANELLO
United States District Judge