UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM DAWES,<br><br>              Plaintiff,<br><br>vs.<br><br>THE PEOPLE OF THE STATE OF CALIFORNIA, et al.,<br><br>              Defendants. | Case No.  19cv2122-MMA-WVG<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO APPEAL STAY ORDER**<br><br>[Doc. No. 52] |

    Plaintiff William Dawes, a California inmate proceeding *pro se*, brings this civil rights action pursuant to 42 U.S.C. § 1983 against Defendants Bravo, Gene, Ugalde, Ausbury, Silva, Shellano, Ayala, Solis, and Zuniga.  *See* Doc. No. 13.  The parties previously moved to stay these proceedings for a period of four months pending the outcome of related criminal proceedings in state court.  *See* Doc. No. 44; *see also* S.D. Sup. Ct. No. SCS287189.  The Court granted the motion.  *See* Doc. No. 46.  Thereafter, Defendants filed a Status Report advising the Court that due to developments in Plaintiff's pending criminal proceedings, including issues regarding Plaintiff's competency, a further stay was warranted.  *See* Doc. No. 49.  The Court agreed and ordered this action stayed through February 18, 2022.  *See* Doc. No. 50 ("Order").

1

Plaintiff now moves "to appeal the stay order."[1] *See* Doc. No. 52.  However, "the usual rule [is] that a stay is not ordinarily a final [appealable] decision for purposes of [28 U.S.C.] § 1291, since most stays do not put the plaintiff effectively out of court." *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 10 n.11 (1983) (internal quotation marks omitted).  Such is the case here as proceedings will resume after the temporary stay has expired.  As such, Plaintiff has not been put "out of court."  The Order is also not appealable under the collateral-order exception to section 1291's finality requirement.  "To come within the 'small class' of decisions excepted from the final-judgment rule. . ., the order must conclusively determine the disputed question, resolve an important issue completely separate from the merits of the action, and be effectively unreviewable on appeal from a final judgment." *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 468 (1978) (quoting *Cohen v. Beneficial Industrial Loan Corp.*, 337 U.S. 541, 546 (1949)).  The Order does not satisfy these criteria.

Nor is the Order appealable pursuant to 28 U.S.C. § 1292.  Even if the Court liberally construes Plaintiff's submission as requesting certification of the Order for interlocutory appeal, the Court may do so only if: (1) a "controlling question of law" is involved; (2) "substantial ground for difference of opinion" on the issue exists; and (3) an interlocutory appeal will "materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b).  These requirements are jurisdictional and none of them have been met here. *Couch v. Telescope Inc.*, 611 F.3d 629, 633 (9th Cir. 2009).

Accordingly, the Court **DENIES** Plaintiff's motion to appeal the stay order previously issued in this case.  This action remains stayed through February 18, 2022.

**IT IS SO ORDERED**.

DATE: July 20, 2021

HON. MICHAEL M. ANELLO
United States District Judge

---

[1] Although Plaintiff's submission is barely legible, the Court has endeavored to construe it liberally considering Plaintiff's *pro se* status.