UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM DAWES,<br><br>          Plaintiff,<br><br>v.<br><br>THE PEOPLE OF THE STATE OF CALIFORNIA, *et al.*,<br><br>          Defendants. | Case No.: 19-CV-2122-MMA-WVG<br><br>**ORDER ON MOTION TO APPOINT COUNSEL** |

  Before the Court is William Dawes' ("Plaintiff") Motion to Appoint Counsel ("Motion"). (Doc. No. 65.) Plaintiff seeks appointment of counsel, explaining Defendants have denied him access to the law library and legal assistance in the course of this litigation. Plaintiff adds that prisoners, like himself, have an interest in being free from "the unwanted administration of antipsychotic drugs" and that "involuntary commitment to a mental hospital is not within the terms of confinement in which a prison sentence subjects an individual." (*Id.* at 1 [citing *Vitek v. Jones*, 445 U.S. 480, 491-494 (1980)].) Having reviewed and considered Plaintiff's submission, the Court DENIES Plaintiff's Motion

1

19-CV-2122-MMA-WVG

without prejudice.

As a foundational matter, "there is no absolute right to counsel in civil proceedings." *Hedges v. Resolution Trust Corp. (In re Hedges)*, 32 F.3d 1360, 1363 (9th Cir. 1994) (internal citations omitted); *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981). Concurrently, however, 28 U.S.C. section 1915(e)(1) affords district courts discretion to appoint counsel for indigent litigants if exceptional circumstances exist. *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009); *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991). "A finding of exceptional circumstances requires an evaluation of both the 'likelihood of success on the merits and the ability of the plaintiff to articulate [his] claims pro se in light of the complexity of the legal issues involved.' Neither of these issues is dispositive and both must be viewed together before reaching a decision.'" *Meeks v. Nunez*, 2017 WL 476425, at *2 (S.D. Cal. Feb. 6, 2017 (citing *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986)); *Wood v. Housewright*, 900 F.2d 1332, 1335 (9th Cir. 1990).

Here, the Court finds no exceptional circumstances warrant appointment of counsel, particularly because the issues are not "so complex that due process violations will occur absent the presence of counsel." *Bonin v. Vasquez*, 999 F.2d 425, 428–29 (9th Cir. 1993). The February 4, 2020, First Amended Complaint is operative and demonstrates Plaintiff's ability to identify all institutional and individually named defendants and attribute specific facts to each named defendant to plead due process claims. (Doc. No. 13.) The FAC survived a challenge from the remaining defendants, H. Asbury, M. Zuniga, J. Ayala, I. Bravo, O. Shelland (erroneously sued as Shellano), A. Silva, E. Solis, and J. Ugalde, (collectively, "Defendants") in this matter, when Defendants answered on December 18, 2020. (Doc. No. 30.) To that end, the docket reflects Plaintiff has capably filed a May 4, 2020, appeal to the Ninth Circuit, a July 20, 2021, Motion to Appeal Stay Order, as well as the instant Motion. (Doc. Nos. 18, 52, 65.) Most recently, Plaintiff's Motion to Appoint Counsel properly cites to case law and clearly articulates Plaintiff's request for relief. Thus,

the Court considers Plaintiff's self-representation to date to constitute evidence of Plaintiff's ability to sufficiently represent himself in these proceedings.

Further, the Court dismisses Plaintiff's indigence as a basis for finding exceptional circumstances. Indigence does not qualify as an exceptional circumstance in prisoner civil rights cases. *Montano v. Solomon*, 2010 WL 2403389, at *2 (E.D. Cal. June 11, 2010); *Callender v. Ramm*, 2018 WL 6448536, at *3 (E.D. Cal. Dec. 10, 2018). However challenging litigating this action may be for Plaintiff, his obstacles are the same as those faced by all other pro se prisoners. "Challenges conducting discovery and preparing for trial 'are ordinary for prisoners pursuing civil rights claim' and cannot form the basis for appointment of counsel." *Davis v. Allison*, 2021 WL 2805820, at *1 (E.D. Cal. July 6, 2021) (citing *Courtney v. Kandel*, 2020 WL 1432991, at *1 (E.D. Cal. Mar. 24, 2020).). Limited access to the law library and legal resources, as Plaintiff laments here, is similarly unpersuasive because it is ordinarily incident to incarceration. *McBride v. Servantes*, 2016 WL 4793189, at *1 (S.D. Cal. Sept. 14, 2016) (concluding "Plaintiff fails to demonstrate an inability to represent himself beyond the ordinary burdens encountered by prisoners" in arguing his limited law library access precludes him from effectively prosecuting his case).

Finally, the Court finds Plaintiff has not met his burden establishing the likelihood of his success on the merits. Pursuant to presiding District Judge Michael M. Anello's February 6, 2023, Order, this action remains currently stayed pending related criminal proceedings in state court. (Doc. No. 64.) Given the stay and because Plaintiff has not yet survived a motion for summary judgment on the merits, there is no factual basis to convince the Court that Plaintiff is likely to succeed on the merits. *Arline v. Cornejo*, 2023 WL 1453145, at *2 (S.D. Cal. Feb. 1, 2023) (citing See, e.g., *Rios v. Paramo*, 2016 WL 4248624, at *3 (S.D. Cal. Aug. 11, 2016).) Thus, appointment of counsel is not warranted

/ / /

/ / /

at this time and until Plaintiff meets his burden, as discussed herein. For the foregoing reasons, the Court DENIES Plaintiff's Motion.

**IT IS SO ORDERED.**

DATED: February 28, 2023

_____
Hon. William V. Gallo
United States Magistrate Judge