UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM DAWES,<br><br>        Plaintiff,<br><br>vs.<br><br>HOWARD AUSBURY, et al.<br><br>        Defendants. | Case No. 19-cv-2122-MMA (VET)<br><br>**ORDER:**<br><br>**CONSTRUING MOTIONS TO LIFT STAY AS MOTIONS FOR RECONSIDERATION;**<br><br>[Doc. Nos. 84, 86]<br><br>**DENYING MOTIONS FOR RECONSIDERATION**<br><br>[Doc. Nos. 84, 86] |

  Plaintiff William Dawes, a California inmate proceeding *pro se*, has brought this civil rights action pursuant to 42 U.S.C. § 1983 against Defendants Ausbury, Bravo, Gene, Ugalde, Silva, Shellano, Ayala, Solis, and Zuniga. *See* Doc. No. 13. The parties previously moved to stay these proceedings for a period of six months pending the outcome of related criminal proceedings in state court. *See* Doc. No. 68; *see also* S.D. Sup. Ct. No. SCS287189. The Court agreed and extended the stay through February 16, 2024. *See* Doc. No. 69.

      Defendants filed a Status Report on February 6, 2024 advising the Court that a further stay is warranted due to continued litigation in Plaintiff's pending criminal proceedings, including issues regarding Plaintiff's competency. *See* Doc. No. 82. The Court concluded in an Order filed on February 13, 2024 that upon due consideration of the supporting declaration of defense counsel and the relevant factors set forth in *Keating v. Office of Thrift Supervision*, 45 F.3d 322, 324–25 (9th Cir. 1995), a further stay of this action was appropriate. *See* Doc. No. 83. The Court stayed this action through August 16, 2024.

      On February 12, 2024, the Court received a Motion to Lift Stay and a Motion to Lift Stay and Proceed, which were not docketed until February 15, 2024. *See* Doc. Nos. 84–87. Accordingly, the Court construes Plaintiff's motions (Doc. Nos. 84, 86) as Motions for Reconsideration.

## LEGAL STANDARD

      A motion for reconsideration may be brought under Rule 59(e) or Rule 60(b). *In re Arrowhead Estates Development Co.*, 42 F.3d 1306, 1311 (9th Cir. 2994). "A district court may grant a Rule 59(e) motion if it is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *Wood v. Ryan*, 759 F.3d 1117, 1121 (9th Cir. 2014) (citing *McDowell v. Calderon*, 197 F.3d 1253, 1255 (9th Cir. 1999) (en banc) (quoting *389 Orange St. Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999) (internal quotation marks omitted)). Rule 60(b) permits relief from a judgment for: (1) mistake, inadvertence, surprise, excusable neglect; (2) newly discovered evidence; (3) fraud; (4) a void judgment; (5) a satisfied, released, or discharged judgment, a judgment which is "based on an earlier judgment which has been reversed or vacated," or a judgment which is no longer equitable; or (6) "any other reason that justifies relief." Fed. R. Civ. P. 60(b). Rule 60(b) "provides for extraordinary relief and may be invoked only upon a showing of exceptional circumstances." *Alva v. County of San Bernardino*, No. EDCV 22-130-RGK (KKx), 2022 WL 2965771, at *1 (C.D. Cal.

Feb. 10, 2022) (citing *Engleson v. Burlington N.R. Co.*, 972 F.2d 1038, 1044 (9th Cir. 1992)).

## DISCUSSION

Dawes asks lift the stay because "defendants have erroneously filed on the wrong case number," "I was filing another civil suit against the courts for retaliation," and "I was also filing another habeas corpus [petition] in the Supreme Court of California in regards to *People v. King* and [the] 5th Amendment clause of double jeopardy." Doc. No. 84 at 1. He also claims he was found not to have a mental illness in 2008, and alleges "the state has used [California Penal Code sections] 2602 and 1370 which both are involuntary medication to retaliate against me in my legal right to peacefully address the courts and take my claims before a jury." *Id.* at 3. He alleges that "officers took secured property for public use without just compensation," and notes there is a "four year statute of limitations on a trial." Doc. No. 86 at 2. He further claims he "plan[s] to show a jury that records were destroyed and witnesses were lost," and that "the statute of limitations on a competency hearing trial is three years." *Id.*

Subsection (1), (3), (4), and (5) of Rule 60(b) do not apply here. With respect to subsections (2) and (6) of Rule 60(b) and Rule 59(e), Dawes has not alleged any "newly discovered evidence," or "any other reason that justifies relief." Fed. R. Civ. P. 60(b); *Wood*, 759 F.3d at 1121. The Court's February 13, 2024 Order continuing the stay was based on Defendants' assertion that Dawes was found incompetent to stand trial by the San Diego Superior Court on January 26, 2024, *see* Doc. No. 82, and Dawes does not provide any evidence to contradict this. Further, Dawes has not demonstrated that the court "committed clear error," or that there has been "an intervening change in the controlling law." *Wood*, 759 F.3d at 1121.

## CONCLUSION AND ORDER

Having construed Dawes's Motion to Lift Stay and Motion to Lift Stay and Proceed (Doc. Nos. 84, 86) as Motions for Reconsideration, the Court **DENIES** the motions. The case remains stayed until August 16, 2024. Defendants are **ORDERED** to

submit a status report no later than five (5) court days prior to the expiration of the stay advising the Court regarding the related criminal proceedings and indicating whether circumstances warrant a further stay of these proceedings.

**IT IS SO ORDERED**.

Dated:  February 21, 2024

HON. MICHAEL M. ANELLO
United States District Judge