# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM DAWES,<br><br>                           Plaintiff,<br><br>vs.<br><br>HOWARD AUSBURY, et al.<br><br>                          Defendants. | Case No. 19-cv-2122-MMA (VET)<br><br>**ORDER:**<br><br>**DENYING MOTION FOR SPEEDY TRIAL, APPOINTMENT OF COUNSEL, AND OBJECTION TO STAY; AND**<br><br>[Doc. No. 89]<br><br>**DIRECTING CLERK OF COURT TO UPDATE PLAINTIFF'S ADDRESS** |

    Plaintiff William Dawes, a California inmate proceeding *pro se*, has brought this civil rights action pursuant to 42 U.S.C. § 1983 against Defendants Ausbury, Bravo, Gene, Ugalde, Silva, Shellano, Ayala, Solis, and Zuniga. *See* Doc. No. 13. The parties previously moved to stay these proceedings for a period of six months pending the outcome of related criminal proceedings in state court. *See* Doc. No. 68; *see also* S.D. Sup. Ct. No. SCS287189. The Court agreed and extended the stay through February 16, 2024. *See* Doc. No. 69.

Defendants filed a Status Report on February 6, 2024 advising the Court that a further stay was warranted due to continued litigation in Plaintiff's pending criminal proceedings, including issues regarding Plaintiff's competency. *See* Doc. No. 82. The Court concluded in an Order filed on February 13, 2024 that a further stay of this action was appropriate and stayed this action through August 16, 2024. *See* Doc. No. 83. Plaintiff then filed a Motion to Lift Stay and a Motion to Lift Stay and Proceed, which the Court construed as Motions for Reconsideration of the Order Extending Stay. *See* Doc. Nos. 84, 86. On February 21, 2024, the Court denied the Motions for Reconsideration. Doc. No. 88. Plaintiff has now filed a document entitled "Motion for Speedy Trial, Appointment of Counsel, Objection to Stay Order." *See* Doc. No. 89

## DISCUSSION

Although it is difficult to discern exactly what relief Plaintiff seeks, it appears that Plaintiff claims the State of California is violating his speedy trial rights in San Diego Superior Court case no. SCS287189. Doc. No. 89 at 4. Specifically, he contends that repeated findings that he is incompetent to stand trial have improperly delayed his trial. *Id.* at 2–4.

In this case, Plaintiff is making a constitutional challenge to the conditions of his prison life, but not to the fact or length of his custody, and thus he has brought the current action pursuant to 42 U.S.C. § 1983. *See* Doc. No. 1. *See Preiser v. Rodriguez*, 411 U.S. 475, 488–500 (1973); *Nettles v. Grounds*, 830 F.3d 922, 935 (9th Cir. 2016). A claim regarding Plaintiff's speedy trial rights, however, cannot be brought pursuant to § 1983 and must instead be brought via either a 28 U.S.C. § 2254 petition for prisoners in state custody pursuant to a state court conviction, or 28 U.S.C. § 2241 petition for a pre-trial detainee. *Preiser*, 411 U.S. at 500; *Nettles*, 830 F.3d at 935; *White v. Lambert*, 370 F.3d 1002, 1006 (9th Cir. 2004) ("Section 2254 is properly understood as 'in effect implement[ing] the general grant of habeas corpus authority found in § 2241, as long as the person is in custody pursuant to the judgment of a state court, and not in state custody for some other reason, such as pre-conviction custody, custody awaiting extradition, or

1 | other forms of custody that are possible without a conviction."), *overruled on other*
2 | *grounds by Hayward v. Marshall*, 603 F.3d 546, 554 (9th Cir. 2010)).  Thus, he cannot
3 | proceed with a speedy trial claim in this matter.

Further, this Court would be barred from consideration of this claim in a § 2254 or § 2241 petition by the abstention doctrine announced in *Younger v. Harris*, 401 U.S. 37 (1971).  Under *Younger*, federal courts may not interfere with ongoing state criminal proceedings absent extraordinary circumstances.  *Id*. at 45–46; *see Middlesex County Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 431 (1982) (*Younger* "espouse[d] a strong federal policy against federal-court interference with pending state judicial proceedings.")  Absent extraordinary circumstances, abstention under *Younger* is required when: (1) state judicial proceedings are ongoing; (2) the state proceedings involve important state interests; and (3) the state proceedings afford an adequate opportunity to raise the federal issue.  *Columbia Basin Apartment Ass'n v. City of Pasco*, 268 F.3d 791, 799 (9th Cir. 2001).

All three of these criteria are satisfied here.  Petitioner's criminal case is still ongoing in the state courts.  *See* Doc. No. 82-1.  Further, there is no question that the state criminal proceedings involve important state interests.  Finally, Petitioner has failed to show that he has not been afforded an adequate opportunity to raise the federal issues on direct appeal.  Indeed, Plaintiff is currently challenging the most recent competency finding in the California Court of Appeal.  *Id*. at 2; *see Huffman v. Pursue*, Ltd., 420 U.S. 592, 608 (1975) (*Younger* applies to state appellate proceedings as well as ongoing proceedings in state trial court); *see also Drury v. Cox*, 457 F.2d 764, 764-65 (9th Cir. 1972) ("[O]nly in the most unusual circumstances is a defendant entitled to have federal interposition by way of injunction or habeas corpus until after the jury comes in, judgment has been appealed from that the case concluded in the state courts.")

Plaintiff also asks for to counsel to be appointed to represent him.  Doc. No. 89 at 4–5.  Plaintiff is represented by the San Diego County Public Defender's Office in his criminal case in state court and is represented by attorney Laura Arnold on appeal of the

state court's 2022 finding of incompetency.  *See* Doc. No. 82-1; *see also* https://appellatecases.courtinfo.ca.gov/search/case/partiesAndAttorneys.cfm?dist=41&doc_id=2499978&doc_no=D081586&request_token=NiIwLSEnXkw8WyBFSCM9SE9IIDw6UkxbKyJOUzJSUCAgCg%3D%3D (last visited on March 13, 2024).  As to appointment of counsel in the present case, there is no constitutional right to counsel in a civil case.  Appointment of counsel under 28 U.S.C. § 1915(e)(1) is within "the sound discretion of the trial court and is granted only in exceptional circumstances." *Agyeman v. Corr. Corp. of America*, 390 F.3d 1101, 1103 (9th Cir. 2004); *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991) (noting that only "exceptional circumstances" support such a discretionary appointment).  Exceptional circumstances exist where there is cumulative showing of both a likelihood of success on the merits and an inability of the pro se litigant to articulate his claims in light of their legal complexity. *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009).  Plaintiff sufficiently articulated the facts and circumstances relevant to his claims in his Amended Complaint to pass the screening stage, *see* Doc. No. 23, but he has yet to show he is likely to succeed on the merits of the claims.  Accordingly, the Court **DENIES** Plaintiff's motion for appointment of counsel at this time without prejudice to its renewal at a later stage of these proceedings.

Finally, Dawes objects to the continuation of the stay in this case.  Doc. No. 89. As the Court noted in both its Order Extending the Stay of Proceedings and its Order Construing Motions to Lift Stay as Motions for Reconsideration and Denying Motions for Reconsideration, upon consideration of the supporting declaration of defense counsel and the relevant factors set forth in *Keating v. Office of Thrift Supervision*, 45 F.3d 322, 324–25 (9th Cir. 1995), a further stay is warranted due to continued litigation in Plaintiff's pending criminal proceedings, including issues regarding Plaintiff's competency.  *See* Doc. Nos. 83, 88.  Neither Plaintiff, Defendant, nor any interested third parties will suffer prejudice because of an extension of the stay of proceedings in this Court.  As the Court previously noted, proceedings related to Plaintiff's criminal charges may impact certain claims and issues in this action.

### CONCLUSION AND ORDER

For the foregoing reasons, the Court **DENIES** Plaintiff's Motion for Speedy Trial, Appointment of Counsel, and Objection to the Stay Order (Doc. No. 89). Further, the Court **DIRECTS** the Clerk of Court to update Plaintiff's address and mail this Order to:

William Dawes
CDCR No. G43030
Richard J. Donovan Correctional Facility
480 Alta Rd.
San Diego, CA 92179

**IT IS SO ORDERED**.

Dated: March 13, 2024

HON. MICHAEL M. ANELLO
United States District Judge