UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM DAWES,<br><br>                    Plaintiff,<br><br>vs.<br><br>HOWARD AUSBURY, et al.<br><br>                    Defendants. | Case No. 19-cv-2122-MMA (VET)<br><br>**ORDER:**<br><br>**LIFTING STAY OF PROCEEDINGS**<br><br>[Doc. No. 46]<br><br>**GRANTING REQUEST FOR JUDICIAL NOTICE and DENYING REQUEST FOR HEARING TO APPOINT A GUARDIAN AD LITEM**<br><br>[Doc. No. 100]<br><br>**RECONSIDERING MOTION TO APPOINT COUNSEL AND REFERRING CASE TO PRO BONO PANEL PURSUANT TO GO 596**<br><br>[Doc. No. 89] |

**I. INTRODUCTION**

Plaintiff William Dawes, a California inmate proceeding *pro se*, has brought this civil rights action pursuant to 42 U.S.C. § 1983 against Defendants Ausbury, Bravo,

Gene, Ugalde, Silva, Shellano, Ayala, Solis, and Zuniga.  *See* Doc. No. 1.  After the Court granted Plaintiff *in forma paupers* status and screened his Complaint, Doc. No. 9, Plaintiff filed an Amended Complaint.  Doc. No. 13.   The Court screened the Amended Complaint and dismissed all claims against all Defendants except for Plaintiff's Eighth Amendment claims against Defendants Bravo, Gene, Ugalde, Ausbury, Silva, Shellano, Ayala, Solis, and Zuniga.  Doc. No. 15.  Plaintiff served the Amended Complaint on Defendants and Defendants answered.  Doc. Nos. 24–34.

On April 15, 2021, the parties filed a joint motion to stay these proceedings pending the outcome of related criminal proceedings in state court, which the Court granted.  *See* Doc. Nos. 44, 46; *see also* S.D. Sup. Ct. No. SCS287189.  Defendants were directed to file status reports advising the Court as to the continuing justification for the stay.  Doc. No. 46.  On June 29, 2021, Defendants filed a status report informing the Court that Plaintiff had been found incompetent to stand trial; the Court extended the stay through February 18, 2022.  *See* Doc. Nos. 49–50.  Plaintiff continued to litigate his competency in state court and Defendants filed five more status reports regarding those proceedings asking to extend the stay, which the Court granted.  *See* Doc. Nos. 58–61, 63–64, 68–69, 82–83.

On August 9, 2024, Defendants filed a status report asking the Court to lift the stay because the state intended to dismiss the criminal charges against Dawes due to his continued incompetency.  Doc. No. 100.  Defendants also asked the Court to hold a hearing to determine whether to appoint a guardian ad litem pursuant to Federal Rule of Civil Procedure 17(c)(2).  *Id.*

## II. DISCUSSION

**A. Motion to Lift Stay**

This case was stayed by the Court because Plaintiff's ongoing state criminal proceedings could have mooted or narrowed his claims in this case and because Plaintiff could not be deposed or have proper access to legal materials while he was being held in the San Diego County Jail pending trial.  *See* Doc. Nos. 44, 46.  According to counsel for

Defendants, Plaintiff's criminal case has now been dismissed, and therefore the reasons for staying these proceedings no longer exist. *See* Doc. No. 100-2. Accordingly, the Court **GRANTS** Defendants' request to lift the stay in this case.

**B.  Request for Judicial Notice and To Set a Guardian Ad Litem Hearing [Doc. No. 100]**

Defendants ask this Court to take judicial notice of court minutes and orders from Plaintiff's state court criminal case and the California Court of Appeal's order in Plaintiff's appeal pursuant to Federal Rule of Evidence 201. Doc. No. 100-1. A court "'may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue.'" *Bias v. Moynihan*, 508 F.3d 1212, 1225 (9th Cir. 2007) (quoting *Bennett v. Medtronic, Inc.*, 285 F.3d 801, 803 n.2 (9th Cir. 2002)). Accordingly, the Court **GRANTS** the request for judicial notice.

The documents from Plaintiff's state court criminal case show that because his incompetency has lasted more than two years, criminal proceedings were indefinitely suspended on May 3, 2024. According to a declaration by Deputy Attorney General Chris Findley, Plaintiff's San Diego Superior Court case no. SCS287189 was dismissed on August 10, 2024. Doc. No. 100-2. The state court documents also show Plaintiff was most recently found to be incompetent on January 16, 2024. Doc. No. 100-1 at 4. Thus, because there is a substantial question regarding Plaintiff's mental competence, in order for this case to proceed the Court must address its obligations under Federal Rule of Civil Procedure 17(c)(2).[1] *See Harris v. Magnum*, 863 F.3d 1133, 1138 (9th Cir. 2017); *Allen v. Calderon*, 408 F.3d 1150, 1153 (9th Cir. 2005).

---

[1] Unless otherwise noted, all "Rule" references are to the Federal Rules of Civil Procedure.

     Rule 17(c)(2) states that "[t]he court must appoint a guardian ad litem —or issue another appropriate order—to protect a minor or incompetent person who is unrepresented in an action." Fed. R. Civ. P. 17(c)(2). However, the Ninth Circuit has noted that "a non-lawyer 'has no authority to appear as an attorney for others than himself.'" *Johns v. Cnty. of San Diego*, 114 F.3d 874, 867, 876-77 (9th Cir. 1997) (citing *Osei–Afriyie v. Medical College*, 937 F.2d 876, 882-83 (3d Cir. 1991)). Courts in the Ninth Circuit have interpreted this to mean a guardian ad litem must be represented by counsel in order to pursue a lawsuit on behalf of an incompetent individual. *See Bradford v. Safy*, No. 21-cv-0637-TLN (EFB P), 2022 WL 605667, at *2 (E.D. Cal. Mar. 1, 2022) (stating that "[w]ithout counsel . . . a plaintiff may not proceed through a guardian ad litem") (citing *Johns*, 114 F.3d at 877)); *Calabrese v. California*, No. 19-cv-2492-CBM (SPx), 2022 WL 2114569, at *3 (C.D. Cal. Apr. 22, 2022) (stating that under *Johns*, a guardian ad litem cannot proceed pro se on behalf of a Plaintiff); *Reliastar Life Insurance Co. v. M.S.*, No. 19-cv-9628-MCS (AGR), 2020 WL 13866581, at *2 (stating that "[a] guardian ad litem must be represented by counsel") (citing *Johns*, 114 F.3d at 877)); *Gonzalez v. Arizona Dept. of Health Services*, No. 08-cv-2391-PHX (DGC), 2009 WL 383535, at *1 (D. Ariz Feb. 13, 2009) ("'An incompetent person who does not have a duly appointed representative may sue by a next friend or by a guardian ad litem,' so long as that representative is assisted by counsel.") (quoting *Johns*, 114 F.3d at 877)).

     "The purpose of Rule 17(c) is to protect an incompetent person's interest in prosecuting or defending a lawsuit." *Davis v. Walker*, 745 F.3d 1303, 1310 (9th Cir. 2014). Thus, while a court *may* appoint a guardian ad litem, it is not required to do so. "If another order would sufficiently protect the incompetent person's interests in the litigation in lieu of a guardian, the court may enter such an order." *Id.* "The appointment of counsel may serve as [an] alternative to the appointment of a guardian ad litem." *AT&T Mobility, LLC v. Yeager*, 143 F. Supp. 3d 1042, 1053 (E.D. Cal. Nov. 10, 2015) (citing *Davis*, 745 F.3d at 1311); *see also Reliastar Life Insurance Co.*, 2020 WL 13866581, at *2; *Armstrong v. Brotherton*, No. 13-cv-1264-PHX-DCG (BSB), 2014 WL

46096, at *3 (D. Ariz. Feb. 5, 2014) (appointing counsel for an incompetent plaintiff in lieu of a guardian ad litem).

Plaintiff has expressed a desire to be represented by counsel in this case on two occasions, which the Court denied. *See* Doc. Nos. 65–66, 89, 94. The circumstances of this case, however, have changed because the case will no longer be stayed, Plaintiff has been found to be incompetent to stand trial for two years, and his state court criminal case has been dismissed. *See* Doc. No. 100-1 at 4–7, 13, 100-2. Further, even if the Court were to hold a hearing and determine that a guardian ad litem should be appointed, there is no obvious individual who could fulfill that role and any such person would have to secure counsel of their own. *Johns*, 114 F.3d at 876–77. Given these facts, the Court **RECONSIDERS** Plaintiff's March 4, 2024 motion to appoint counsel [Doc. No. 89]. This Court's General Order 596, which established the district's Pro Bono Panel, states that the Court may appoint counsel "if it is apparent from the pleadings or other materials before the Court that the pro se civil plaintiff has mental or other disabilities substantially interfering with his or her ability to present the factual and legal claims." United States District Court, Southern District of California GO 596, adopted Aug. 3, 2011. The Court concludes that referring this case to the Pro Bono Panel to locate volunteer counsel is therefore appropriate, would adequately protect Plaintiff's interests, and would discharge the Court's duty under Rule 17(c)(2). Plaintiff is advised, however, that while the Court has elected to exercise its discretion to refer the case to the Pro Bono Panel, and will do its best to locate a volunteer willing to serve, it cannot make a coercive appointment under 28 U.S.C. § 1915(e)(1) and therefore Plaintiff is cautioned pro bono counsel is not guaranteed.

For the foregoing reasons, the Court **DENIES** the request for a hearing to appoint a guardian ad litem.

### III. Conclusion and Orders

The Court **GRANTS** Defendants' motion to lift the stay and **GRANTS** Defendants' request for judicial notice [Doc. No. 100].

Further, in light of the Court's obligations under Rule 17(c)(2), the changed circumstances of this case, the recent finding by the state court that Plaintiff remains incompetent, and Plaintiff's previous requests for counsel, the Court **RECONSIDERS** its most recent denial of Plaintiff's motion for appointment of counsel [Doc. Nos. 89, 94], and **REFERS** this case to the Pro Bono Panel for the United States District Court, Southern District of California.  Accordingly, the Court **DENIES** the request for a hearing to appoint a guardian ad litem.

**IT IS SO ORDERED**.

Dated: August 14, 2024

HON. MICHAEL M. ANELLO
United States District Judge