UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM DAWES,<br><br>　　　　　　　　Plaintiff,<br><br>vs.<br><br>HOWARD AUSBURY, et al.,<br><br>　　　　　　　　Defendants. | Case No.: 19-cv-02122-MMA (VET)<br><br>**ORDER**<br><br>**(1) OVERRULING OBJECTION;**<br><br>**(2) APPOINTING PRO BONO COUNSEL PURSUANT TO 28 U.S.C. § 1915(e)(1) AND S.D. Cal. Gen. Order 596** |

## I. INTRODUCTION

Plaintiff William Dawes ("Dawes") is a California inmate who filed a *pro se* civil rights action pursuant to 42 U.S.C. § 1983 in this case.  In his original complaint, he alleged Defendants destroyed his property, his public defenders did not properly represent him, he was denied due process, and Defendants Bravo, Gene, Ugalde, Ausbury, Silva, Shellano, Ayala, Solis, and Zuniga used excessive force on him while he was incarcerated at R.J. Donovan Correctional Facility in 2016.  Doc. No. 1.  The complaint and the amended complaint were screened and all of Dawes's claims were ultimately dismissed except for his excessive force claims.  *See* Doc. Nos. 9, 13, 15.  On

April 19, 2021, the Court stayed this case until Dawes's related criminal case in state court was resolved.  *See* Doc. No. 46; *see also* S.D. Sup. Ct. No. SCS287189.

In August of 2024, Dawes's state criminal charges were dismissed because of his ongoing incompetency, and Defendants then asked this Court to lift the stay and hold a hearing to appoint a guardian ad litem for Dawes under Federal Rule of Civil Procedure 17(c)(2), which requires the Court to "appoint a guardian ad litem — or issue another appropriate order — to protect a[n] incompetent person who is unrepresented in an action." Fed. R. Civ. P. 17(c)(2); *see* Doc. No. 100-1 at 13; Doc. No. 100-2 at 2.  In an August 14, 2024 order, this Court lifted the stay; thus, while Dawes's other claims were dismissed during screening, his excessive force claims remain to be litigated in this case.  *See* Doc. No. 15.  The Court also determined that to meet its obligation under Rule 17(c)(2), it would reconsider Dawes's motions to appoint counsel and referred the matter to the Court's Pro Bono Panel.  *Id*.  The Court has since identified volunteer pro bono counsel willing to assist Dawes in prosecuting the claims remaining in his case, but in the meantime, Dawes has filed an objection to the appointment of counsel.  *See* Doc. No. 105.

## II.   DISCUSSION

### A.   Dawes's Objection

In his Objection to Appointment of Counsel, Dawes focuses on events that occurred in his state criminal case and not this current federal civil rights case. Specifically, he complains about his state public defenders, state court orders for involuntary medications, and the conditions of his confinement.  *See* Doc. No. 105. While the Court understands that Dawes is upset and frustrated with how his state court criminal case was handled, his case before this Court concerns only allegations by Dawes that Defendants Bravo, Gene, Ugalde, Ausbury, Silva, Shellano, Ayala, Solis, and Zuniga used excessive force on him while he was incarcerated at R.J. Donovan Correctional Facility in 2016.  *See* Doc. No. 13 at 16.

A civil litigant is not entitled to counsel as a matter of course, but because Dawes was found incompetent to stand trial in state court in January of 2024, Rule 17(c)(2) requires this Court to protect his interests in bringing his case. In order to do that, the Court has sought and has since identified volunteer counsel to represent Dawes so he may pursue the excessive force claims against Defendants Bravo, Gene, Ugalde, Ausbury, Silva, Shellano, Ayala, Solis, and Zuniga that remain in this civil rights case pending before this Court. *See AT&T Mobility, LLC v. Yeager*, 143 F. Supp. 3d 1042, 1053 (E.D. Cal. Nov. 10, 2015) (citing *Davis v. Walker*, 745 F.3d 1303, 1311 (9th Cir. 2014)) ("The appointment of counsel may serve as [an] alternative to the appointment of a guardian ad litem.") The Court is hopeful that this case can proceed if Dawes is represented by his volunteer pro bono counsel. To that end, the Court encourages Dawes to assist and cooperate with the volunteer attorneys appointed by this Order who will protect his interests and justly prosecute his current civil rights claims. *See United States ex rel Gardner v. Madden*, 352 F.2d 792, 793 (9th Cir. 1965) (noting that the appointment of counsel in a civil case "is a privilege and not a right.").

For these reasons, his Objection is **OVERRULED**.

**B.   Appointment of Pro Bono Counsel**

As noted, there is no right to counsel in a civil action, but a court may under "exceptional circumstances" exercise its discretion and "request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1); *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009). The court generally must consider both "'the likelihood of success on the merits as well as the ability of the [Plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved.'" *Id.* (quoting *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983)).

While Dawes adequately pleaded a factual basis for his excessive force claims at the time he filed his amended complaint in this case on February 4, 2020, he has been found incompetent in San Diego Superior Court criminal proceedings in Case No. SCS287189. Doc. No. 100-1 at 4; Doc. No. 101 at 3. Thus, in addition to this Court's

duty to protect Dawes's interest in prosecuting his case under Rule 17(c)(2), *see Davis v. Walker*, 745 F.3d 1303, 1310 (9th Cir. 2014), the Court's Plan for the Representation of *Pro se* Litigants in Civil Cases provides that "if it is apparent from the pleadings and other materials before the Court that the pro se civil plaintiff has mental or other disabilities substantially interfering with his or her ability to present the factual and legal claims," it may appoint volunteer counsel. *See* S.D. Cal. Gen. Order 596, adopted Aug. 3, 2011.

Because the ends of justice would be served by the appointment of pro bono counsel under these circumstances, on August 14, 2022, the Court elected to exercise its discretion pursuant to 28 U.S.C. § 1915(e)(1) and randomly referred Dawes's case to its Pro Bono Panel for potential representation. Volunteer counsel has since graciously agreed to represent him pro bono during the course of all further proceedings held before this Court in this case. *See* S.D. Cal. Gen. Order 596.

### III.  CONCLUSION

For the reasons discussed, the Court **OVERRULES** Dawes's objection to appointment of counsel and **APPOINTS** Karen L. Alexander, and Courtney Baird of Duane Morris LLP, 750 B Street, Suite 2900, San Diego, California, 92101 as Pro Bono Counsel for Plaintiff William Dawes.

Pursuant to S.D. Cal. CivLR 83.3.f.2, Pro Bono Counsel must file, within twenty-eight (28) days of this Order if possible, a formal written Notice of Substitution of Attorney signed by both Plaintiff Dawes and his newly appointed counsel. This Notice of Substitution will be considered approved by the Court upon filing, and Pro Bono Counsel will thereafter be considered attorney of record for Dawes for all purposes *during further proceedings before this Court, in this matter only, and at the Court's specific request*. *See* S.D. Cal. CivLR 83.3.f.1, 2.[1]

---

[1] Dawes is cautioned that the Court's Pro Bono Panel is a precious and limited resource. The fact that the Court has found this case suitable for appointment at this stage of the

The Court further **DIRECTS** the Clerk of the Court to forward Ms. Alexander and Ms. Baird a copy of this Order upon entry in CM/ECF to klalexander@duanemorris.com and clbaird@duanemorris.com and to also serve them with a copy via U.S. Mail at the address listed above upon filing. *See* S.D. Cal. CivLR 83.3.f.2.

**IT IS SO ORDERED**.

Dated: September 24, 2024

_____
HON. MICHAEL M. ANELLO
United States District Judge

---

proceedings, and has been able to locate available volunteer counsel does not entitle him to the appointment of counsel in this or any other case. Nor does it permit him an attorney of his choosing, or guarantee any subsequent Pro Bono Panel referral or appointment. *See Hedges v. Resolution Trust Corp (In re Hedges)*, 32 F.3d 1360, 1363 (9th Cir. 1994) ("[T]here is no absolute right to counsel in civil proceedings.") (citation omitted); *United States ex rel Gardner v. Madden*, 352 F.2d 792, 793 (9th Cir. 1965) (noting that the appointment of counsel in a civil case "is a privilege and not a right.").