UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM DAWES,<br><br>　　　　　　　　　Plaintiff,<br><br>　vs.<br><br>HOWARD AUSBURY, et al.<br><br>　　　　　　　　　Defendants. | Case No. 19-cv-2122-MMA (VET)<br><br>**ORDER:**<br><br>**CONSTRUING DOCUMENT AS A MOTION FOR RECONSIDERATION**<br><br>[Doc. No. 111]<br><br>**DENYING MOTION FOR RECONSIDERATION** |

### I. INTRODUCTION

Plaintiff William Dawes ("Dawes") is a California inmate who has filed a *pro se* civil rights action pursuant to 42 U.S.C. § 1983 in this Court. On April 19, 2021, the Court stayed this case until Dawes's related criminal case in state court was resolved. *See* Doc. No. 46; *see also* S.D. Sup. Ct. No. SCS287189. In August of 2024, Dawes's state criminal charges were dismissed because of his ongoing incompetency, and Defendants then asked this Court to lift the stay and hold a hearing to appoint a guardian ad litem for Dawes under Federal Rule of Civil Procedure 17(c)(2), which requires the

Court to "appoint a guardian ad litem — or issue another appropriate order — to protect a[n] incompetent person who is unrepresented in an action." Fed. R. Civ. P. 17(c)(2); *see* Doc. No. 100-1 at 13; Doc. No. 100-2 at 2. In an August 14, 2024 order, this Court lifted the stay and determined that to meet its obligation under Rule 17(c)(2), it would reconsider Dawes's motions to appoint counsel and referred the matter to the Court's Pro Bono Panel. *Id*.

Dawes filed an objection to the appointment of counsel, which the Court overruled; pro bono counsel was appointed on September 24, 2024. *See* Doc. Nos. 105, 106. Dawes then filed a motion entitled "Motion to [Q]uash Pro Bono Attorneys, in which Dawes explained he would not cooperate with pro bono counsel. Doc. No. 107. In an October 22, 2024 order, the Court relieved pro bono counsel and advised Dawes that he could not proceed with this matter unless he named an attorney who could represent him or named an individual, who was represented by an attorney, who would act as a guardian ad litem, by December 3, 2024. *See* Doc. No. 108 at 6. Dawes was advised that if he did not do so, the Court would administratively close this case. *Id.* In the alternative, Dawes was advised he could choose to voluntarily dismiss his case. *Id.* An extension of time was granted on December 5, 2023, and Dawes was given until January 1, 2025 to respond to the Court's October 22, 2024 order. *See* Doc. No. 110.

## II. DISCUSSION

Dawes has filed a document entitled "Notice of Change of Address [and] Motion to Appeal Right to State a Claim." Doc. No. 111. In it, Dawes claims he was transferred to the San Diego County Jail without authorization from the Supreme Court and denied his right to a speedy trial in case no. SCS287189. *Id.* at 1. He also complains he is being denied good time credits for Orange County Superior Court case no. 05CG3042 while in the San Diego County Jail, has been denied the right to parole, and has been sentenced to life without the possibility of parole without a trial by jury. *Id*. He claims his conviction in case no. 05CG3042 is illegal because "the Superior Court of California for County of Orange failed to disclose . . . that J[ohn] Paul Flores, a Mexican, is a superior race to

German Nazis and ha[s] the right to rob Natural Born Citizens of the United States . . . ." *Id.* at 2. He also claims that the "Superior Court judge failed to disclose that Ruben Mondojuando and his father had a legal right to rape and molest my sister Lauren Dawes being Mexican superior to German descendants who[se] relative is a public defender." *Id.* He asks this Court to transfer him to Germany "where [he] could work and have the liberty to be drug free and own property." *Id.* at 3.

The Court has no power to transfer Dawes from the state correctional institution in which he is incarcerated to Germany. Although it is difficult to discern what further relief Dawes seeks in his motion because much of what he writes is delusional, the Court will construe the motion as a motion for reconsideration of the Court's October 22, 2024 order.

"A motion for reconsideration may be brought under either Fed.R.Civ.P ("FRCP") 59(e) or 60(b)." *In re Arrowhead Estates Development Co.*, 42 F.3d 1306, 1311 (9th Cir. 1994) (citing *School Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1262 (9th Cir. 1993)). "A district court may grant a Rule 59(e) motion if it is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *Wood v. Ryan*, 759 F.3d 1117, 1121 (9th Cir. 2014) (citing *McDowell v. Calderon*, 197 F.3d 1253, 1255 (9th Cir. 1999) (en banc) (quoting *389 Orange St. Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999) (internal quotation marks omitted)). Rule 60(b) permits relief from a judgment for: (1) mistake, inadvertence, surprise, excusable neglect; (2) newly discovered evidence; (3) fraud; (4) a void judgment; (5) a satisfied, released, or discharged judgment, a judgment which is "based on an earlier judgment which has been reversed or vacated," or a judgment which is no longer equitable; or (6) "any other reason that justifies relief." Fed. R. Civ. P. 60(b).

No judgment has yet been entered in this case. Further, the Court has not "committed clear error," nor is there is "an intervening change in the controlling law." *Wood*, 759 F.3d at 1121. Moreover, the Court finds there has been no mistake, inadvertence, surprise, excusable neglect, newly discovered evidence, fraud, a void

judgment, a satisfied, released, or discharged judgment, a judgment which is "based on an earlier judgment which has been reversed or vacated," or a judgment which is no longer equitable, or "any other reason that justifies relief." *See* Fed. R. Civ. P. 60(b).

### III. Conclusion and Order

For the foregoing reasons, the Court **CONSTRUES** Dawes's "Motion to Appeal Right to State a Claim" [Doc. No. 111] as a motion for reconsideration, and **DENIES** the motion. The Court reminds Dawes that he may not proceed in this matter until he is either represented by an attorney or by a guardian ad litem who is represented by an attorney, and that he must, **no later than January 21, 2025**, respond to the Court by either:

1. Naming an attorney who will represent him in this matter; or

2. Naming an individual, who is represented by an attorney, who will act as his guardian ad litem in this matter.[1]

In the alternative, Plaintiff Dawes may choose to voluntarily dismiss his case.

**IT IS SO ORDERED**.

Dated: December 12, 2024

HON. MICHAEL M. ANELLO
United States District Judge

---

[1] Dawes is advised that if he names an attorney who will represent him in this matter, he must comply with Local Rule 83.3(f)(2). Local Rule 83.3(f)(2) states: "When an attorney of record for any person ceases to act for a party, such party must appear in person or appoint another attorney by a written substitution of attorney signed by the party, the attorney ceasing to act, and the newly appointed attorney, or by a written designation filed in the case and served upon the attorney ceasing to act, unless attorney is deceased, in which event the designation of a new attorney will so state. Until such substitution is approved by the Court, the authority of the attorney of record will continue for all proper purposes."